E-FILED
Monday, 11 May, 2026  03:14:14 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| DEAROLD WHITE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 25-1469** |
| | ) | |
| LATOYA HUGHES *et al.*, | ) | |
| Defendants. | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff DeArold White. Plaintiff has also filed a Motion for Counsel (Doc. 4).

I.    **Complaint**

**A. Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Factual Allegations**

Plaintiff's pleading alleges constitutional violation at Pontiac Correctional Center ("Pontiac") against the following individuals and corporation: Illinois Department of Corrections Director Latoya Hughes, former Pontiac Warden Mindi Nurse, Corrections Major Chad Brown, Correctional Lieutenants Bowden or Bowen[1], Dr. Rodney Alford, Doe Medical Director, Doe II Physician, Doe III Director of Nursing, and Wexford Health Sources, Incorporated ("Wexford").

Plaintiff asserts that he was issued a walker and low gallery and bunk permits due to his inability to maintain his balance, which caused him to fall randomly without notice. On November 19, 2023, Plaintiff had a "verbal altercation" with Defendants Bowden and Brown regarding the lack of heat in the East Gallery cellhouse. (Pl. Compl., Doc. 1 at 5.) As a result, Plaintiff claims that Bowden moved Plaintiff to a higher gallery with Brown's approval. After moving, Plaintiff fell down a flight of stairs, injuring his ankle and knee, which required "a half cast and mold" to be placed on his lower leg and ankle for several months. (*Id*. at 6.) Bowden later moved Plaintiff to a lower gallery, which was still one gallery higher than the ground floor, which Plaintiff states led to an additional fall when he was exiting the shower. (*Id*.) Plaintiff claims that he was retaliated against for "assuring" Brown that he would file suit by being transferred to Menard Correctional Center, where Plaintiff currently resides.

---

[1] Plaintiff noted the spelling of the specific Corrections Lieutenant is either Bowden or Bowen. The Court will refer to this Defendant as Bowden.

**C. Analysis**

Plaintiff's account is sufficient to state an Eighth Amendment deliberate indifference claim against Defendants Bowden and Brown. *See Zentmyer v. Kendall County*, 220 F.3d 805, 812 (7th Cir. 2000) ("If a defendant consciously chose to disregard a nurse or doctor's directions in the face of medical risks, then he may well have exhibited the necessary deliberate indifference.").

The Seventh Circuit has yet to decide whether threatening to file a lawsuit is an activity protected by the First Amendment. *See Reed v. Bowen*, 769 F. App'x 365, 370 (7th Cir. 2019) ("We have not ruled that threatening to file a lawsuit is protected activity."); *see also Davenport v. Sczepanski*, 704 F. App'x 602, 603 (7th Cir. 2017) ("merely *threatening* to file a grievance against someone is not protected activity") (citing *Bridges v. Gilbert*, 557 F.3d 541, 554 (7th Cir. 2009) (noting that "it seems implausible that a *threat* to file a grievance would itself constitute a First Amendment-protected grievance" (emphases in original)). *Cf. Herron v. Meyer*, 820 F.3d 860, 864 (7th Cir. 2016) (questioning whether the First Amendment protects a prisoner's personal, workplace grievances).

However, because Plaintiff is not required to plead around an affirmative defense such as qualified immunity, the Court will permit Plaintiff's First Amendment retaliation claim to proceed against Defendant Brown. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) ("What a complaint must plead is enough to show that the claim for relief is plausible. Complaints need not anticipate defenses and attempt to defeat them.").

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Despite Plaintiff including Defendants Alford, Hughes, Does I, II, and III, and Wexford, Plaintiff does not include facts that establish or permit the inference that they violated his constitutional rights. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

## II.    Counsel

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case,

does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 4) is denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Counsel (Doc. 4) is DENIED.**

2) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Bowden and Brown. Plaintiff also states a First Amendment retaliation claim against Defendant Brown. Plaintiff's claim against Defendants proceeds in an individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **The Court directs the Clerk of the Court ("Clerk") to dismiss Rodney Alford, Latoya Hughes, Does I, II, and III, and Wexford Health Sources, Incorporated.**

4) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

6) **Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained**

only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.

9) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

13) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED May 11, 2026.


s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE